UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL MASLAR, | : | |
|     Plaintiff, | : | Civil Action No. 3:06 CV 2056 (CFD) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
|     Respondent | : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Michael Maslar, the petitioner, is serving a 165-month sentence of incarceration after pleading guilty to Bank Robbery in violation of 18 U.S.C. § 2113(a). He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on the grounds that his defense counsel failed to provide adequate representation because he did not raise a diminished mental capacity defense. Maslar argues that the one-year statute of limitations for his petition should be tolled because his state of mind did not permit rational thinking and decision-making. For the reasons that follow, Maslar's petition is dismissed.

**I.      Background**

    **A.      Procedural History**

On July 23, 2002, a federal grand jury returned an indictment charging the petitioner with one count of Bank Robbery and one count of attempted Bank Robbery, in violation of 18 U.S.C. § 2113(a). On October 7, 2002, the petitioner pled guilty to Bank Robbery. The trial court sentenced the petitioner to 165 months' imprisonment on March 14, 2003, after a hearing at which the Court considered and rejected the defense arguments for a downward departure based on, among other things, Maslar's mental and emotional conditions. Maslar did not appeal either

the Court's decision on the requested downward departure or the sentence.

On December 27, 2006, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After requesting and receiving one extension of time to respond to the petition for relief, the government filed its response to the petition on April 30, 2008.

**II.     Discussion**

   **A.     Statute of Limitations**

Effective April 24, 1996, § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year limitations period on the filing of a federal petition for writ of habeas corpus or seeking collateral review of his conviction and sentence. 28 U.S.C. § 2255. The limitations period runs from the latest of

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

For purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). Because no appeal was taken in this case, the petitioner's conviction became final on April 8, 2003, ten business days after the judgment of conviction was entered on March 25, 2003. See Fed.R.App.P. 4(b)(1(A)(I)). Therefore, the petitioner had one year from that date to file his

petition under § 2255, or until April 8, 2004.  The petitioner filed his petition on December 12, 2006, over two years after the end of the limitations period.  Accordingly, the petition is untimely unless the deadline is equitably tolled.

**B.     Tolling**

In certain circumstances, a court may excuse a defendant's delay in filing a motion pursuant to § 2255 under the doctrine of equitable tolling.  United States v. White, No. 05 Civ. 6476 (DC), 02 Cr. 939 (DC), 2005 WL 2878158 (S.D.N.Y. Sept. 20, 2005) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).  Equitable tolling is appropriate only in "rare and exceptional circumstance[s]," id., and should be used "only sparingly." Id. (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  The party seeking to rely on the doctrine bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408 (2005).  These requirements are to be strictly construed.  White, 2005 WL 2878158 at *2 (citing Barbosa v. United States, No. 01 Civ. 7522 (JFK), 2002 WL 869553 at *2 (S.D.N.Y. May 3, 2002)).

To establish extraordinary circumstances, the petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments.  White, 2005 WL 2878158 at *2 (citing Mendez v. Artuz, No. 99 Civ. 2472 (DLC), 2000 WL 991336 at *2 (S.D.N.Y. July 18, 2000)).  The petitioner also must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.  Rios v. Mazzuca, 78

Fed.Appx. 742, 2003 WL 22426961 (2d Cir. 2003) (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)).

In general, equitable tolling is appropriate "where a plaintiff's medical condition or mental impairment prevented him from proceeding in a timely fashion." Id. at 744 (quoting Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)) (internal brackets omitted). Whether a person is sufficiently mentally disabled to justify tolling of a limitations period is highly case-specific. Id. "At a minimum, however, a petitioner must provide a particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights." Id. (quoting Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000)) (internal brackets and quotation marks omitted).

The petitioner has failed to present any evidence regarding his alleged mental incapacity for the period he wishes to toll, nor has he provided a "particularized description of how his condition adversely affected his capacity to function generally or in relationship to the pursuit of his rights." Moreover, the evidence produced by the government contradicts the petitioner's unsupported claims. See Declaration of James Davison, Ph.D. (stating that during the time period encompassing that which the petitioner seeks to toll, the petitioner was capable of rational thought, could appreciate his situation and could both understand his legal situation and seek appropriate legal recourse).

### C.   Ineffective Assistance of Counsel

Even were the Court to reach the merits of Maslar's petition, there is no evidence that counsel for the petitioner was ineffective. Under the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), to prove ineffective assistance of counsel the petitioner bears

the burden of establishing that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.  To make this showing, petitioner must prove two things: first, that counsel's "representation fell below an objective standard of reasonableness" as judged by "prevailing professional norms," id. at 688; second, that the defense was prejudiced by the errors – in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

      Maslar claims that his trial counsel was ineffective in that he did not raise a diminished mental capacity defense.  This claim is without merit.  First, Maslar pled guilty only after being canvassed at length by the Court as to his mental capacity, and after counsel for the defendant ensured that the Court was made aware of Maslar's mental condition and medications he was taking. The Court asked Maslar if the medications he was taking impaired his ability to understand the proceedings or to think clearly, and Maslar indicated that his mind was clear and that the medications "[didn't] impair anything" and only "help[ed him] think more like a normal person."  See Transcript of Change of Plea Hearing, Oct. 7, 2002.  Second, counsel for the petitioner submitted a Memorandum in Aid of Sentencing in which he argued for a downward departure based on Maslar's mental problems.  Counsel also argued for a downward departure based on the petitioner's mental and emotional conditions at the petitioner's sentencing hearing. See Transcript of Sentencing Hearing, March 14, 2003.  This representation in no way "fell below an objective standard of reasonableness" under Strickland, and the petitioner has not shown that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

**III.     Conclusion**

For the foregoing reasons, Maslar's petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

Judgment shall enter for the respondent. The Clerk is directed to close this case.

SO ORDERED this 25th day of June, 2009 at Hartford, Connecticut.

      /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**